Filed 8/25/15  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060911 |
| v. | (Super.Ct.No. FVI1202862) |
| KEVIN DEON SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed with directions.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Kevin Deon Smith of one count of felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and two counts of misdemeanor child endangerment (Pen. Code, § 273a, subd. (b)). In a bifurcated bench trial, the trial court found true the allegations that defendant suffered a prior strike (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and four prior prison terms (Pen. Code, § 667.5, subd. (b)).

The trial court sentenced defendant to a total term of eight years: two years as the midterm for the felony DUI, doubled to four because of the prior strike; and one year for each of the four prior prison terms. The trial court ordered the felony DUI and the four one-year prior prison enhancements to run consecutively. The trial court imposed one-year terms for each of the two child endangerment counts, and ordered those sentences to run concurrently with the principal term.

On appeal, defendant argues that the trial court abused its discretion by refusing to strike his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and Penal Code section 1385, subdivision (a). We disagree.

## FACTUAL BACKGROUND

Defendant's argument on appeal focuses on the trial court's sentencing discretion. It suffices to say of the offenses of conviction that the jury found beyond a reasonable doubt that defendant drove drunk while two children of his girlfriend were in the car.

2

Following his jury trial, defendant submitted a *Romero* motion inviting the trial court to exercise its discretion under Penal Code section 1385 to dismiss his prior strike—a 2008 conviction where defendant admitted being a felon in possession of a firearm, with a gang enhancement (Pen. Code, §§ 12021, subd. (a)(1), 186.22, subd. (b)(1)(a)). The motion detailed how the offense was nonviolent in that the gun in question was found buried in the backyard of defendant's home rather than found on his person; how scant evidence linked defendant's possession of the gun to the benefit of a gang (the Project Watts Crips) in that the expert witness testified at the preliminary hearing, in general terms, that if a gang member possessed a gun, then it was for the benefit of the gang; how the current law regarding gang enhancement allegations under Penal Code section 186.22 would not have permitted defendant's 2008 conviction to rest on such generic expert opinion testimony; and how defendant's recent engagement to his girlfriend and his commitment to substance abuse treatment should militate in favor of striking the prior strike.

The People filed an opposition, citing as reasons to reject defendant's *Romero* motion his lengthy criminal history; his admission of the strike offense, by which he necessarily satisfied the offense elements of possessing the gun in question with the specific intent to benefit a gang; the dangerous nature of the offense and its tendency to show defendant's refusal or inability to alter his alcohol habits—defendant had already suffered two prior DUI convictions; and the similarity of the motion to a (far too untimely) renewal of a Penal Code section 995 motion to dismiss.

At defendant's sentencing hearing, in response to defense counsel's question, the trial court indicated that it had read and considered the entirety of defendant's *Romero* motion, as well as a social worker's report containing mitigating factors that defense counsel had submitted. The trial court also heard both defendant's counsel and the People orally expand on the same arguments made in the *Romero* motion and the opposition to it, including the need for defendant to obtain professional treatment for substance abuse, defendant's support network from his fiancé and family, defendant's criminal history, and the dangers the present offense posed to other people. The trial court then denied the *Romero* motion, commenting that it was not "appropriate" to grant it. The trial court cited defendant's lengthy criminal record; the court's doubt regarding the seriousness of defendant's efforts to bring under control his problems with alcohol and crime; and the dangers defendant posed to California drivers based on his alcohol-related vehicular offenses. The trial court then sentenced defendant to state prison and ordered that he should be considered for placement in the California Substance Abuse Treatment Facility program.

## DISCUSSION

### A.    PRIOR STRIKE

Defendant argues that the trial court focused exclusively on his prior criminal history and based its decision to deny his *Romero* motion primarily (if not solely) on that ground. Defendant contends this is shown by the trial court's failure in its discussions with defense counsel and the People to mention the nature and circumstances surrounding his prior strike, as detailed in the *Romero* motion; the trial court only mentioned "once"

4

the prior strike it was considering and did not mention the altered evidentiary standards for the gang enhancement. Defendant also contends the trial court gave no (or far too little) weight to the nature and circumstances surrounding his personal life, including the new presence of a supportive fiancé and his attempts to get treatment. Defendant concludes that these failures constitute an abuse of discretion. We disagree.

In ruling upon the trial court's decision to strike or not strike a prior strike conviction, a reviewing court employs the controlling inquiry laid down in *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), for it is *Williams* that provides necessary guidance regarding "how [California] trial and appellate courts should undertake to rule and review in this area." (*Id.* at p. 152.) After reviewing the earlier *Romero* case, the amorphous concept of the "furtherance of justice" that supplies the trial court with the power to strike a prior, and the "Three Strikes" statutory scheme, *Williams* calibrated the appropriate analysis in this way: "[T]he court in question must consider whether, in light of the nature and circumstances of [defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part." (*Williams*, at p. 161.)

We review a trial court's determination in this area deferentially, for abuse of discretion. (*Williams*, *supra*, 17 Cal.4th at p. 162.) Because our review is deferential, absent contrary evidence in the record, we presume the trial court to have correctly applied *Williams* and properly exercised its discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 378.) The Legislature plainly identified its intent to ensure longer prison

sentences and greater punishment for those who commit felonies while suffering prior strikes. (Pen. Code, § 667, subd. (b); *Romero*, *supra*, 13 Cal.4th at p. 528.) In light of that legislative intent, only "extraordinary" circumstances can justify judicially exempting from the law's scheme an offender who commits a strike as part of a long and continuous criminal record. (*Carmony*, at p. 378.)

In this case, no evidence suggests the trial court failed to apply *Williams*, and thus abused its discretion. The record reveals that the trial court considered defendant's long train of convictions—some of which involved alcohol—going all the way back to 1997; and it discloses that the trial court considered the alcohol-related nature of the current offense and its attendant dangers to defendant's girlfriend, her children, and members of the public. The record reveals that the trial court was aware of defendant's mitigating life circumstances, including his relationship with his fiancé and his challenges with alcohol; it presents no affirmative contrary evidence showing that the court either failed to or refused to consider those circumstances. In fact, the evidence shows the trial court *did* consider those circumstances, but simply chose, as was within its province, to reject defendant's contention that he had changed or evolved his habits in light of them. What is more, the trial court's order that defendant be considered for state-sanctioned treatment for his alcohol problems appears in the record.

Finally, the record reveals that the trial court considered the nature and circumstances of the prior strike by indicating that it had read defense counsel's *Romero* motion and the People's opposition to it; it then heard both sides orally argue the motion and opposition. *Williams* imposes upon the trial courts no legal obligation to mention the

6

prior strike by name on the record before the court may be deemed to have properly evaluated it.  As to the substance of the contentions in the *Romero* motion regarding the evolved evidentiary standards for gang enhancements, even if defendant's strike may in actuality have been nonviolent and impossible to prove at trial by current standards, defendant nevertheless *admitted* the offense.  Admitting an offense necessarily establishes a factual basis for, and admits all elements of, that offense.  (See also Pen. Code, § 1192.5; *People v. Chadd* (1981) 28 Cal.3d 739, 748.)

In sum, based on the record, the trial court properly concluded that defendant did not fall outside the spirit of the Three Strikes law.  No evidence shows the trial court abused its discretion.

### B.     ABSTRACT OF JUDGMENT

We note a clerical error in the abstract of judgment requiring correction.  At the bottom of the first page of the abstract, the box in section 7 "Additional indeterminate term (see CR-292)" is checked, but defendant received only determinate sentences in this case; this box should not be checked.  Appellate courts have inherent power to correct clerical errors contained in abstracts of judgment that do not accurately reflect the judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We shall direct the trial court to correct this error.

### DISPOSITION

The trial court is directed to correct the abstract of judgment to reflect that defendant did not receive indeterminate sentences.  We further direct the trial court to

send a corrected abstract to the Department of Rehabilitation and Corrections.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

HOLLENHORST _____
J.

CODRINGTON _____
J.

8